■ ROBERT V. GARDNER, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendant. (And a Third-Party Action.) [723 NYS2d 204] —In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Bruno, J.), dated December 13, 1999, which granted the plaintiff's motion for partial summary judgment against it

on the issue of liability on the cause of action based upon Labor Law § 240 (1).

Ordered that the order is affirmed, with costs.

It is well settled that to establish a prima facie violation of Labor Law § 240 (1) a plaintiff must establish that "the statute was violated and that this violation was a proximate cause of his or her injuries" (*Sprague v Peckham Materials Corp.*, 240 AD2d 392, 393). The evidence submitted by the plaintiff on his motion for summary judgment established a violation of Labor Law § 240 (1), as he was not provided with proper equipment to perform work at an elevated height (*see, Figueroa v Manhattanville Coll.*, 193 AD2d 778). The only equipment available to him was a ladder which did not have any safety devices such as rubber soles or cleats, and was not adequate protection for the task at hand. The ladder tipped over and the plaintiff fell from a height of approximately 15 feet (*see generally, Figueroa v Manhattanville Coll., supra*).

Once the proponent of a summary judgment motion has established his or her entitlement thereto, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of a material issue of fact which would require a trial (*see, Zuckerman v City of New York*, 49 NY2d 557). The appellant, New York City Transit Authority, failed to meet that burden. Therefore, the plaintiff's motion for partial summary judgment as to liability under Labor Law § 240 (1) was properly granted. Altman, J. P., McGinity, Luciano and H. Miller, JJ., concur.