■ Edwin Andino, Appellant, v BFC Partners, L.P., et al., Respondents, et al., Defendant. [756 NYS2d 267] —In an action to recover damages for personal injuries, the plaintiff appeals, as

limited by his brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated March 8, 2002, as denied that branch of his motion which was for summary judgment on the issue of liability on his claim pursuant to Labor Law § 240 (1) against the defendants BFC Partners, L.P., and BFC Corp.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion is granted.

The defendants BFC Partners, L.P., and BFC Corp. (hereinafter collectively BFC) contracted with the defendant Holy Land Iron Works Corporation (hereinafter Holy Land) for the installation of window guards in an air shaft of a building owned by BFC Partners, L.P. The plaintiff, who was employed by Holy Land, commenced this action to recover damages for personal injuries he sustained when he fell from a scaffold erected in the air shaft. The accident occurred when a rope supporting the scaffold snapped.

The Supreme Court denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on his claim pursuant to Labor Law § 240 (1) against BFC on the basis that inconsistent versions of how the accident occurred raised triable issues of fact as to proximate cause.

Labor Law § 240 (1) imposes a nondelegable duty upon owners and contractors to provide or cause to be furnished certain safety devices for workers at an elevated work site, and the absence of appropriate safety devices constitutes a violation of the statute as a matter of law (see Smith v Xaverian High School, 270 AD2d 246, 247 [2000]). Generally, to establish a prima facie violation of Labor Law § 240 (1), a claimant must establish that the statute was violated and that the violation was a proximate cause of his or her injuries (see Gardner v New York City Tr. Auth., 282 AD2d 430, 431 [2001]). Here, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law through his own testimony and that of his employer, elicited at a hearing conducted by the New York State Workers' Compensation Board, establishing that his work-related injuries were proximately caused by the failure of the defendants to supply safe scaffolding at the elevated work site (see Kalofonos v State of New York, 104 AD2d 75, 77 [1984]).

In opposition, BFC contends that there is a triable issue of fact as to whether the plaintiff was acting outside the scope of his employment (see Higgins v 1790 Broadway Assoc., 261 AD2d 223, 224 [1999]). It is undisputed that at the time of the

accident, the plaintiff was working for Holy Land and was sent by it to BFC's premises in connection with the installation of the window guards. The plaintiff's use of the scaffolding was clearly foreseeable and fell within the ambit of the plaintiff's employment (see *Riviello v Waldron,* 47 NY2d 297, 303-304 [1979]).

BFC is not entitled to the recalcitrant worker defense based on Holy Land's instruction that the plaintiff stay off the scaffolding. Evidence of an instruction by an employer or owner to avoid using unsafe equipment "does not, by itself, create an issue of fact sufficient to support a recalcitrant worker defense" (*Gordon v Eastern Ry. Supply,* 82 NY2d 555, 562-563, [1993] citing *Stolt v General Foods Corp.,* 81 NY2d 918, 920 [1993]). Consequently, summary judgment should have been granted to the plaintiff against the respondents on the issue of liability on his claim pursuant to Labor Law § 240 (1). Krausman, J.P., Schmidt, Crane and Rivera, JJ., concur.