■ JERZY SZTACHANSKI et al., Appellants, v MORSE DIESEL INTERNATIONAL, INC., et al., Respondents. [780 NYS2d 367]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Roman, J.), dated March 4, 2003, as, upon the denial of their motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability on the cause of action based on Labor Law § 240 (1), the granting of that branch of the defendants' motion pursuant to CPLR 4401 which was for judgment as a matter of law dismissing the cause of action based on Labor Law § 241 (6), and a jury verdict in favor of the defendants, dismissed those causes of action in the complaint.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion which was to dismiss the cause of action based on Labor Law § 241 (6) is denied, the plaintiffs' motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability based on Labor Law § 240 (1) is granted, and the matter is remitted to the Supreme Court, Queens County, for a trial on the issue of damages.

The injured plaintiff was painting a portion of the ceiling in the Big Bang Room at the Rose Center for Earth and Space while standing on a closed, A-frame ladder, which was leaning against a wall, when the ladder slid out from underneath him. The evidence demonstrates that since the walls in the Big Bang Room were curved, the injured plaintiff had to use the A-frame ladder in the closed position to access that portion of the ceiling.

Under the circumstances, the trial court erred in denying the plaintiffs' motion for judgment as a matter of law on the issue of liability on the cause of action pursuant to Labor Law § 240 (1). The defendants are liable under Labor Law § 240 (1) because they failed to provide the injured plaintiff with proper protection and that failure proximately caused the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City, Inc.*, 1 NY3d

280 [2003]; *Bland v Manocherian*, 66 NY2d 452, 459 [1985]; *Mannes v Kamber Mgt.*, 284 AD2d 310 [2001]; *compare Meade v Rock-McGraw, Inc.*, 307 AD2d 156 [2003]).

In light of the foregoing, we need not reach the plaintiffs' remaining contentions. H. Miller, J.P., Adams, Townes and Mastro, JJ., concur.