JOSE PICHARDO, Appellant, v AURORA CONTRACTORS, INC., et al., Respondents. [815 NYS2d 263]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated May 24, 2005, as denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is granted.

The uncontroverted evidence in the record established that the plaintiff was injured while performing foundation waterproofing work in connection with a school construction project. At the time of his injury, he had been working for Twin Restoration, Inc. (hereinafter Twin), a waterproofing subcontractor, for approximately three weeks. Twin provided the plaintiff and his supervisor with a single extension ladder, which the supervisor would regularly disassemble into two sections. The plaintiff would assist in disassembling the ladder pursuant to the instructions and example of his supervisor. The two men would then climb their respective halves of the separated extension ladder to stretch out sheets of adhesive waterproofing material between them and then apply the material to the foundation walls. At the time of his accident, the plaintiff was using the lower section of the disassembled ladder, which was equipped with rubber safety feet at the bottom, but which had no nonskid material or other securing device at its top. He was given no other safety equipment. As the plaintiff was working, the top of his unsecured ladder began to slide along the wall and the ladder then slipped off the wall, causing him to fall to the ground.

The plaintiff commenced this action to recover damages for his injuries, and he subsequently moved for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1). The defendants argued, in opposition, that questions of fact existed as to whether the plaintiff unforeseeably misused the ladder and was the sole proximate cause of the accident. The Supreme Court denied the plaintiff's motion. We reverse.

The plaintiff made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the defendants violated Labor Law § 240 (1) by failing to provide him with adequate safety devices to afford him proper protection for the work being performed, and that this failure constituted a proximate cause of his accident (*see Zimmer v Chemung County Performing Arts*, 65 NY2d 513 [1985]; *Sztachanski v Morse Diesel Intl., Inc.*, 9 AD3d 457 [2004]; *Gardner v New York City Tr. Auth.*, 282 AD2d 430 [2001]). The defendants failed to raise a triable issue of fact in opposition to the motion. They contended that the plaintiff's conduct in assisting in the disassembly of the ladder and in using the lower section of the ladder to perform his work constituted unilateral misuse of the device which was the sole proximate cause of the accident. However, the record fails to support this assertion. The plaintiff did not decline the use of appropriate safety devices and unilaterally elect to separate the ladder, but instead participated in its disassembly pursuant to the directions and example of his

supervisor. Moreover, the waterproofing work could not be performed without separating the ladder into two sections, since the evidence established that only one ladder was provided, yet the nature of the work required both men to be on ladders simultaneously. Finally, there was nothing extraordinary or unanticipated in the plaintiff's conduct. Rather, the manner in which he performed his work on the date of his accident was consistent with his supervisor's instructions and with the manner in which he had performed the same activities during the three weeks preceding his accident. Therefore, this case is factually distinguishable from those decisions in which the conduct of the workers was the sole proximate cause of their injuries (*see e.g. Montgomery v Federal Express Corp.,* 4 NY3d 805 [2005]; *Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280 [2003]; *Weininger v Hagedorn & Co.,* 91 NY2d 958 [1998]), or where their actions may have been so extraordinary as to constitute superseding causes of their accidents (*see e.g. Vouzianas v Bonasera,* 262 AD2d 553 [1999]; *Styer v Vita Constr.,* 174 AD2d 662 [1991]). Accordingly, the Supreme Court erred in denying the plaintiff's motion for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1) (*see Curte v City of New York,* 21 AD3d 1050 [2005]; *Granillo v Donna Karen Co.,* 17 AD3d 531 [2005]; *Sztachanski v Morse Diesel Intl., Inc., supra; Andino v BFC Partners,* 303 AD2d 338 [2003]; *Gardner v New York City Tr. Auth., supra; Lacey v Turner Constr. Co.,* 275 AD2d 734 [2000]). Schmidt, J.P., Krausman, Mastro and Covello, JJ., concur.