■ SCOTT M. GANGER, Respondent, v ANTHONY CIMATO/ACP PARTNERSHIP et al., Appellants, et al., Defendant. [862 NYS2d 678]—

■■■■■■■■■■■■■■■■■■■■■■

Appeals from an order and judgment (one paper) of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered March 26, 2007 in a personal injury action. The order and judgment, insofar as appealed from, granted that part of plaintiff's motion for partial summary judgment pursuant to Labor Law § 240 (1) and denied in part the cross motion of defendants Anthony Cimato/ACP Partnership, Anthony Cimato, Carmelo Cimato, Pasquale Cimato, Cimato Bros. Construction, Inc., and Cimato Bros. Development and the cross motion of defendant Eugene Jason, doing business as Big G Roofing Company, for summary judgment.

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained while installing roofing on a home under construction. Plaintiff fell through a skylight hole that had been covered over with roofing felt, and he fell approximately 15 to 17 feet to the floor. Plaintiff moved for, inter alia, partial summary judgment on liability under Labor Law § 240 (1) and defendant Eugene Jason, doing business as Big G Roofing Company (Big G), and the Cimato defendants each cross-moved for summary judgment dismissing the complaint against them. Supreme Court, inter alia, granted that part of plaintiff's motion for partial summary judgment with respect to Labor Law § 240 (1), and the court granted those parts of the cross motions for summary judgment dismissing the Labor Law § 200 and common-law negligence cause of action against them, as well as the Labor Law § 241 (6) cause of action against them with respect to all sections of the Industrial Code allegedly violated by them except 12 NYCRR 23-1.7 (b) (1) (iii). We affirm.

With respect to that part of plaintiff's motion for partial summary judgment on liability under Labor Law § 240 (1), we conclude that plaintiff met his initial burden by establishing that "the absence of . . . a safety device was the proximate cause of his . . . injuries" (*Felker v Corning Inc.*, 90 NY2d 219, 224 [1997]; *see Tronolone v Praxair, Inc.*, 22 AD3d 1031, 1033 [2005]). Although Big G and the Cimato defendants contended in opposition to the motion that the conduct of plaintiff was the sole proximate cause of his injuries, we conclude that they failed

to raise a triable issue of fact in that respect (*cf. Tronolone*, 22 AD3d at 1033). Those defendants contended that plaintiff should have covered the skylight holes with two-by-six scaffolding planks, but they presented no evidence that they provided the planks to plaintiff or instructed him to use them to cover the skylight holes (*see Brunette v Time Warner Entertainment Co., L.P.*, 32 AD3d 1170, 1171 [2006]). Big G and the Cimato defendants also failed to present evidence sufficient to raise an issue of fact whether "plaintiff's 'normal and logical response' should have been to go get [the scaffolding planks]" (*Montgomery v Federal Express Corp.*, 4 NY3d 805, 806 [2005]), or whether "plaintiff, based on his training, prior practice, and common sense, knew or should have known to cover the opening" with scaffolding planks (*Mulcaire v Buffalo Structural Steel Constr. Corp.*, 45 AD3d 1426, 1427 [2007]). Thus, those defendants have not submitted evidence that would permit a jury to find "that plaintiff had adequate safety devices available; that he knew both that they were available and that he was expected to use them; that he chose for no good reason not to do so; and that had he not made that choice he would not have been injured" (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40 [2004]).

Contrary to the further contentions of Big G and the Cimato defendants, the court properly denied those parts of their respective cross motions for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as it is based on the alleged violation of 12 NYCRR 23-1.7 (b) (1) (iii). Pursuant to that regulation, employees who are required to work close to the edge of a hazardous opening shall be protected by specified means, and it is undisputed that the requisite safety equipment set forth in the regulation was not provided. Big G and the Cimato defendants failed to meet their burden of establishing in the first instance that they "did not violate the regulation[ ], that the regulation[ ] [was] not applicable to the facts of this case, or that such violation was not a proximate cause of the accident" (*Piazza v Frank L. Ciminelli Constr. Co., Inc.*, 2 AD3d 1345, 1349 [2003]; *see Bockmier v Niagara Recycling*, 265 AD2d 897 [1999]).

Finally, we note that Big G's remaining contention is raised for the first time on appeal and thus is not preserved for our review (*see Bridge St. Enters. v Pastino's Italian Grill, Inc.*, 43 AD3d 1306, 1307 [2007]). Present—Hurlbutt, J.P., Lunn, Fahey, Peradotto and Pine, JJ.