■ WILMAR RICO-CASTRO, Respondent, v Do & Co NEW YORK CATERING, INC., Appellant. [874 NYS2d 576]—

In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Queens County (Grays, J.), dated November 29, 2007, as denied those branches of its cross motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6), granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging violations of Labor Law § 240 (1), and granted the plaintiff's cross motion for leave to serve a supplemental bill of particulars.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was employed by nonparty Olympic Fence & Railing Co., Inc. (hereinafter Olympic Fence), a company hired by the defendant to remove an interior 12-foot fence topped with barbed wire in the defendant's warehouse and reinstall it elsewhere in the same warehouse. The fence was bolted to a concrete floor and holes needed to be drilled in the floor in order to move it. The warehouse was supported by concrete columns located near the walls.

The plaintiff initially used a 10-foot A-frame ladder in an open position without incident to cut the barbed wire topping the fence. However, he then used the A-frame ladder in a closed position in order to reach the fence. The floor upon which he placed the ladder was polished and slippery. While the plaintiff was standing on the top rung of the ladder, the ladder slipped. The plaintiff caught his arm on a metal hook protruding from

the column when he fell, thus injuring it, and also sustained other injuries.

The Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging violations of Labor Law § 240 (1), and denied those branches of the defendant's cross motion which were for summary judgment dismissing that cause of action and the cause of action alleging violation of Labor Law § 241 (6). The plaintiff established his prima facie entitlement to judgment as a matter of law on the Labor Law § 240 (1) cause of action, and, in opposition, the defendant failed to raise a triable issue of fact. The defendant also failed to establish its prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 241 (6) cause of action.

Contrary to the defendant's contention, the plaintiff was engaged in work covered by Labor Law § 240 (1) at the time of the accident. Olympic Fence was hired to move a 12-foot fence bolted to a concrete floor and rebolt it in a new location for purposes of reconfiguring a warehouse. Such activity clearly goes beyond routine maintenance and constitutes an "alteration" within the meaning of the statute (see Panek v County of Albany, 99 NY2d 452, 458 [2003]; Joblon v Solow, 91 NY2d 457, 465 [1998]).

The fact that the plaintiff was actually cutting barbed wire rather than physically moving the fence at the time of his injury is of no consequence under the circumstances. As the Court of Appeals stated in Prats v Port Auth. of N.Y. & N.J. (100 NY2d 878, 882 [2003]), "it is neither pragmatic nor consistent with the spirit of [Labor Law § 240 (1)] to isolate the moment of injury and ignore the general context of the work. The intent of the statute was to protect workers employed in the enumerated acts, even while performing duties ancillary to those acts."

Additionally, the record does not support the defendant's contention that the plaintiff's own actions were the sole proximate cause of his injuries. The defendant does not dispute the plaintiff's claim that he was not provided with adequate safety devices. Even assuming that the plaintiff was negligent in using the A-frame ladder in the closed position, that act alone is insufficient to strip him of statutory protection (see Rudnik v Brogor Realty Corp., 45 AD3d 828, 829 [2007]).

Moreover, in this case, the plaintiff appears to have been following the example of his coworkers and acting with the tacit approval of his supervisor (see Pichardo v Aurora Contrs., Inc., 29 AD3d 879, 880-881 [2006]). Furthermore, nothing in the record suggests that, based on company protocol, the plaintiff

should have returned to his company's facility to obtain a straight ladder, and the parties do not dispute that no straight ladders were present at the job site (*cf. Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554 [2006]).

The defendant's contentions that the Labor Law § 241 (6) cause of action should have been dismissed because the plaintiff's work activity did not fall within the statute's ambit and because the plaintiff failed to allege a violation of a specific Industrial Code provision in a timely fashion are without merit. The activity in which the plaintiff was engaged constituted construction work within the meaning of Labor Law § 241 (6) (*see Joblon v Solow*, 91 NY2d at 466).

The Supreme Court properly granted the plaintiff's cross motion for leave to serve a supplemental bill of particulars specifying Industrial Code violations even though the note of issue had already been filed. The supplemental bill of particulars does not contain new factual allegations, raise new theories of liability, or prejudice the defendant (*see Dowd v City of New York*, 40 AD3d 908, 911 [2007]; *Kelleir v Supreme Indus. Park*, 293 AD2d 513, 514 [2002]).

The defendant's remaining contentions are without merit. Rivera, J.P., Leventhal, Belen and Chambers, JJ., concur.