Harold E. Ewing, Sr., Appellant, v Brunner International, Inc., et al., Respondents. [875 NYS2d 388]—

Appeal from an order of the Supreme Court, Orleans County (James P. Punch, A.J.), entered January 17, 2008 in a personal injury action. The order denied the motion of plaintiff for partial summary judgment against defendant Brunner International, Inc.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the first affirmative defense of defendant Brunner International, Inc. is dismissed.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when a portion of the flat concrete roof on which he was standing collapsed, causing him to fall. We agree with plaintiff that Supreme Court erred in denying his motion seeking partial summary judgment on liability against Brunner International, Inc. (defendant) under Labor Law § 240 (1) as well as dismissal of the affirmative defense alleging that plaintiff's culpable conduct contributed in whole or in part to the accident. Plaintiff met his initial burden inasmuch as "[t]he collapse of a work site itself 'constitute[s] a prima facie violation of Labor Law § 240 (1)' " (*Bradford v State of New York*, 17 AD3d 995, 997 [2005], quoting *Richardson v Matarese*, 206 AD3d 353, 353 [1994]), and defendant failed to raise a triable issue of fact whether the conduct of plaintiff was the sole proximate cause of his injuries (*cf. Tronolone v Praxair, Inc.*, 22 AD3d 1031, 1033 [2005]; *see generally Felker v Corning Inc.*, 90 NY2d 219, 224 [1997]). In support of his motion, plaintiff submitted his deposition testimony in which he testified that it was the general practice on the work site to wear safety harnesses only when "tearing off" asphalt or working on "bad concrete" and that, when he fell, he was not tearing off asphalt

and all but four inches of the concrete decking requiring replacement had been removed. Defendant failed to submit any evidence raising a triable issue of fact whether plaintiff, a foreman on the roofing project, " 'knew or should have known' [that he was expected to wear a safety harness] . . . ; 'that he chose for no good reason not to do so; and that had he not made that choice he would not have been injured' " (*Ganger v Anthony Cimato/ACP Partnership*, 53 AD3d 1051, 1053 [2008]; cf. *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40 [2004]). Present—Scudder, P.J., Hurlbutt, Peradotto and Gorski, JJ.