■ DONALD GIMENO, Appellant-Respondent, v AMERICAN SIGNATURE, INC., Doing Business as VALUE-CITY FURNITURE, et al., Respondents, and MELCO CONSTRUCTION SERVICES, INC., et al., Respondents-Appellants, et al., Defendant. [888 NYS2d 839]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered December 10, 2008 in a personal injury action. The order, inter alia, denied the motion of plaintiff for partial summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting plaintiff's motion and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained while attaching plastic sheeting over scaffolding from the top of a building under renovation. Plaintiff performed his work from a platform attached to a lull, a forklift-like device used to lift the platform. At the time of the accident, he was wearing a harness and lanyard, which he secured to the platform. The accident occurred when the platform detached from the lull and fell approximately 15 feet to the ground, with plaintiff attached to it.

We agree with plaintiff that Supreme Court erred in denying his motion seeking partial summary judgment on liability with respect to the Labor Law § 240 (1) claim against American Signature, Inc., doing business as Value-City Furniture, Melco Construction Services, Inc. (Melco), Midwest Interiors (Midwest) and Construction One (collectively, defendants), and we therefore modify the order accordingly. "Plaintiff met his initial burden by establishing that his injury was proximately caused by the failure of a safety device to afford him proper protection from an elevation-related risk" (*Raczka v Nichter Util. Constr. Co.*, 272 AD2d 874, 874 [2000]; *see Guaman v Ginestri*, 28 AD3d 517, 518 [2006]). The evidence submitted by defendants in opposition to the motion establishing that plaintiff himself attached the platform to the lull, without more, is insufficient to raise a triable issue of fact whether plaintiff's actions were the sole proximate cause of the accident (*see Evans v Syracuse Model Neighborhood Corp.*, 53 AD3d 1135, 1137 [2008]; *Rudnik v Brogor Realty Corp.*, 45 AD3d 828, 829 [2007]; *Woods v Design Ctr., LLC*, 42 AD3d 876, 877 [2007]). There is no evidence that plaintiff received any instruction concerning the method of attaching the platform to the lull (*see Ganger v Anthony Cimato/ ACP Partnership*, 53 AD3d 1051, 1053 [2008]; *cf. Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40 [2004]), or that "plaintiff, based on his training, prior practice, and common sense, knew or should have known" of a different method of attaching the platform to the lull (*Mulcaire v Buffalo Structural Steel Constr. Corp.*, 45 AD3d 1426, 1427 [2007]; *see*

*Ganger,* 53 AD3d at 1053). In view of our determination with respect to plaintiff's appeal, we reject the contention of Melco and Midwest on their cross appeal that the court erred in denying that part of their cross motion seeking summary judgment dismissing the Labor Law § 240 (1) claim against them.

Finally, we note that plaintiff does not contend in his brief that the court erred in granting the cross motion of defendant-third-party plaintiff Admar Supply Co., Inc. seeking summary judgment dismissing the complaint against it or those parts of the cross motions of defendants seeking summary judgment dismissing the Labor Law §§ 200 and 241 (6) and common-law negligence claims against them, and we thus deem any issues with respect thereto abandoned (*see Ciesinski v Town of Aurora,* 202 AD2d 984 [1994]). Present—Scudder, P.J., Martoche, Smith, Carni and Green, JJ.