■ JOHN J. MURRAY et al., Appellants, v ARTS CENTER AND THEATER OF SCHENECTADY, INC., Doing Business as PROCTOR'S THEATRE, et al., Respondents, et al., Defendant. [910 NYS2d 187]—

Rose, J. Appeal from an order of the Supreme Court (Lynch, J.), entered December 22, 2009 in Albany County, which denied plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Plaintiff John J. Murray (hereinafter plaintiff), an ironworker hired to assist in the fabrication and erection of structural steel for a theater renovation project, was working on the first story of the structure when he fell from a beam to a concrete floor 15 feet below and was injured. Plaintiff was wearing a harness and lanyards at the time of the accident, but he was not tied off to anything. Plaintiff, and his wife derivatively, commenced this action against the project's owner, the owner's agent and the contractors seeking to recover for plaintiff's injuries.* After joinder of issue and discovery, plaintiffs moved for partial summary judgment on the issue of Labor Law § 240 (1) liability. Supreme Court denied the motion, finding a question of fact as to whether plaintiff's failure to tie off was the sole proximate cause of his injuries. We now reverse and grant plaintiffs' motion for partial summary judgment.

The failure to use the available harness cannot be considered the sole proximate cause of the accident where there is evidence that plaintiff had been instructed that he did not need to use it and no opposing evidence that, based on his training, prior practice and common sense, he knew or should have known to use it (see Pieri v B&B Welch Assoc., 74 AD3d 1727, 1729 [2010]; Lantry v Parkway Plaza, 284 AD2d 697, 698 [2001]). While "[l]iability under [Labor Law §] 240 (1) does not attach when . . . safety devices . . . were readily available at the work site, . . . and plaintiff knew he was expected to use them but for no good reason chose not to do so, causing an accident" (Gallagher v New York Post, 14 NY3d 83, 88 [2010]; see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 40 [2004]), here, plaintiff had a number of good reasons not to tie off his harness.

Plaintiff testified at his examination before trial that, according to his training as an ironworker, he was not expected to tie off when working at the height from which he fell, and that he had been told by his supervisor on the job that he was not required to be tied off at that height. Plaintiff's supervisor confirmed that plaintiff was not in violation of any job safety rules at the time of the accident despite the fact that he was not tied off. Notably, the contractors had agreed by contract to

* The action was discontinued by stipulation against defendant U.W. Marx, Inc.

provide services to the owner that would not include safety practices more stringent than those provided in the applicable Occupational Safety and Health Administration (hereinafter OSHA) regulations, and there is no dispute that the applicable OSHA regulations did not require plaintiff to be tied off at the height from which he fell (*see* 29 CFR 1926.760 [2001]). As we have noted, however, mere compliance with OSHA regulations does not defeat a prima facie showing of Labor Law § 240 (1) liability (*see Dalaba v City of Schenectady*, 61 AD3d 1151, 1153 [2009]). Defendants' bald assertions that common sense would have dictated use of the harness and that nothing precluded its use are unavailing as defendants failed to submit any evidence that plaintiff knew or should have known that he was expected to anchor his safety harness and chose for no good reason not to do so (*see Gallagher v New York Post*, 14 NY3d at 88-89; *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d at 40; *Smith v Picone Constr. Corp.*, 63 AD3d 1716, 1717 [2009]; *Balzer v City of New York*, 61 AD3d 796, 797-798 [2009]; *Ewing v Brunner Intl., Inc.*, 60 AD3d 1323, 1324 [2009]; *Ganger v Anthony Cimato/ACP Partnership*, 53 AD3d 1051, 1053 [2008]; *Desrosiers v Barry, Bette & Led Duke, Inc.*, 189 AD2d 947, 948 [1993]).

Peters, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, and partial summary judgment awarded to plaintiffs.