# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1529**
**CA 10-01057**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

JAMES C. KUHN, PLAINTIFF-RESPONDENT,

V                                           MEMORANDUM AND ORDER

CAMELOT ASSOCIATION, INC., DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

AUGELLO & MATTELIANO, LLP, BUFFALO (JOSEPH A. MATTELIANO OF COUNSEL),
FOR DEFENDANT-APPELLANT.

BURGETT & ROBBINS LLP, JAMESTOWN (MARY SPEEDY HAJDU OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Chautauqua County
(James H. Dillon, J.), entered March 29, 2010 in a personal injury
action. The order granted the motion of defendant for leave to
reargue and, upon reargument, adhered to the prior decision granting
plaintiff's motion for partial summary judgment and denying
defendant's cross motion for summary judgment.

It is hereby ORDERED that the order so appealed from is affirmed
without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law
negligence action seeking damages for injuries he sustained while
working on the roof of a building owned by defendant. According to
plaintiff, who was employed by nonparty Watkins Builders, Inc.
(Watkins Builders) at the time of the accident, he stepped from the
roof onto an elevated platform attached to a Gradall forklift
(hereafter, forklift), and the forklift tipped over, causing him to
fall to the ground. Supreme Court granted plaintiff's motion for
partial summary judgment on liability with respect to the Labor Law §
240 (1) claim and denied defendant's cross motion for summary judgment
dismissing the amended complaint. The court subsequently granted
defendant's motion for leave to reargue its opposition to the motion
and for leave to reargue its cross motion and, upon reargument, the
court adhered to its prior decision. We affirm.

We reject at the outset the contention of defendant that
plaintiff's motion was premature pursuant to CPLR 3212 (f). Even
assuming, arguendo, that "facts essential to justify opposition" to
the motion could be gleaned from depositions of employees of Watkins
Builders (CPLR 3212 [f]), we conclude that defendant failed to
demonstrate that such information was within plaintiff's " 'exclusive

knowledge and possession' " (*Wright v Shapiro*, 16 AD3d 1042, 1043; *cf.
Terranova v Emil*, 20 NY2d 493, 497).  Moreover, defendant failed to
establish that it could not have deposed the nonparty witnesses during
the approximately two-year period between the commencement of the
action and plaintiff's motion (*see Guarino v Mohawk Containers Co.*, 59
NY2d 753; *Avraham v Allied Realty Corp.*, 8 AD3d 1079; *Witte v
Incorporated Vil. of Port Washington N.*, 114 AD2d 359).

   With respect to the merits, we conclude that plaintiff met his
initial burden on the motion by establishing that he "was not
furnished with the requisite safety devices and that the absence of
appropriate safety devices was a proximate cause of his injuries"
(*Williams v City of Niagara Falls*, 43 AD3d 1426, 1427; *see Felker v
Corning Inc.*, 90 NY2d 219, 224; *Ganger v Anthony Cimato/ACP
Partnership*, 53 AD3d 1051, 1052).  In opposition to the motion,
defendant failed to raise a triable issue of fact whether plaintiff's
"own conduct, rather than any violation of Labor Law § 240 (1), was
the sole proximate cause of his accident" (*Cahill v Triborough Bridge
& Tunnel Auth.*, 4 NY3d 35, 40).  Although defendant contends that
plaintiff should have utilized a ladder as a safety device, it
presented no evidence that plaintiff had been instructed to use a
ladder or that plaintiff knew or should have known to use a ladder
" 'based on his training, prior practice[] and common sense' "
(*Ganger*, 53 AD3d at 1053; *see Ewing v Brunner Intl., Inc.*, 60 AD3d
1323).  The owner of Watkins Builders summarily asserted in an
affidavit that "all employees knew" not to use the forklift to
transport personnel, but he did not aver that he or anyone else
instructed plaintiff to avoid using the forklift in that manner.
Indeed, there is no evidence that plaintiff "received specific
instructions to use a [ladder rather than the forklift] while
[ascending and descending the roof] and chose to disregard those
instructions" (*Cahill*, 4 NY3d at 39).  To the contrary, the deposition
testimony of plaintiff and his coworkers established that the forklift
was provided to them at the job site and that it had been used to
transport workers, as well as materials, during the weeks prior to
plaintiff's accident.  Further, it is undisputed that plaintiff's
foremen observed, facilitated and participated in the use of the
forklift for the transport of workers (*see generally Rico-Castro v Do
& Co. N.Y. Catering, Inc.*, 60 AD3d 749, 750; *Pichardo v Aurora
Contrs., Inc.*, 29 AD3d 879, 880-881).  Indeed, one of the foremen, who
had previously worked out of the forklift at an elevated height, had
placed the forklift adjacent to the roof where plaintiff was working,
and that foreman was operating the forklift at the time of the
accident.  The other foreman was on the roof with plaintiff when
plaintiff used the forklift to descend therefrom.  Thus, inasmuch as
the forklift was furnished by plaintiff's employer and its use as an
alternative safety device for transporting personnel was approved by
plaintiff's supervisors, it cannot be said that plaintiff's decision
to use the forklift rather than the ladder to descend from the roof is
the sole proximate cause of the accident (*see generally Cahill*, 4 NY3d
at 39; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280,
290; *Evans v Syracuse Model Neighborhood Corp.*, 53 AD3d 1135, 1137).

All concur except SMITH, J.P., and CARNI, J., who dissent in part and vote to modify in accordance with the following Memorandum: We respectfully dissent in part. In our view, Supreme Court erred in granting plaintiff's motion for partial summary judgment on liability with respect to the Labor Law § 240 (1) claim upon granting defendant's motion for leave to reargue, inter alia, its opposition to plaintiff's motion. Defendant raised a triable issue of fact whether plaintiff's own conduct was the sole proximate cause of his injuries. The record establishes that, on the date of his accident, plaintiff was employed by nonparty Watkins Builders, Inc. (Watkins Builders) to perform roofing work. Plaintiff accessed the roof of a building owned by defendant by way of a ladder. Plaintiff, however, exited the roof by stepping onto a three-sided makeshift plywood box attached by chains to the forks of a raised Gradall forklift (hereafter, forklift), despite the fact that the ladder he had used to access the roof was still in place. Once plaintiff stepped onto the platform, the forklift tipped over, causing plaintiff to fall to the ground.

The record is devoid of evidence that anyone from Watkins Builders instructed plaintiff with respect to the appropriate means to access or exit the roof. Instead, the record establishes that the use of the forklift to access or exit the roof had been an informal practice devised by Watkins Builders' employees. Thus, plaintiff was presented with two means of descending from the roof, i.e., the forklift and the ladder, and he was neither encouraged nor discouraged from using either means. The record further establishes that plaintiff had received training from previous employers regarding the use of a ladder but that he had not received any training with respect to a forklift and had never used a forklift as a means of transporting workers before his employment with Watkins Builders. Consequently, we conclude that a triable issue of fact exists whether plaintiff, " 'based on his training, prior practice[] and common sense, knew or should have known' " to use the ladder instead of the forklift to exit the roof (*Gimeno v American Signature, Inc.*, 67 AD3d 1463, 1464, *lv dismissed* 14 NY3d 785; *cf. Montgomery v Federal Express Corp.*, 4 NY3d 805).

The majority relies on *Rico-Castro v Do & Co N.Y. Catering, Inc.* (60 AD3d 749, 750) and *Pichardo v Aurora Contrs., Inc.* (29 AD3d 879, 880-881) in support of its position that plaintiff's own conduct was not the sole proximate cause of his injuries because the foremen observed, facilitated and participated in the use of the forklift to transport workers. Those cases, however, are distinguishable from this case. Although the unsafe devices at issue in *Rico-Castro* and *Pichardo* were used by the plaintiffs in those cases at the direction of, or with the tacit approval of, their superiors, there were no other safety devices available for those plaintiffs to perform the required work (*see Rico-Castro*, 60 AD3d at 750-751; *Pichardo*, 29 AD3d at 880-881). In contrast, here, plaintiff unilaterally declined to use another available means of descending from the roof. Thus, "we conclude that defendant[] raised triable issues of fact whether safe alternative means of descending from the roof were available to plaintiff and whether his failure to use those alternative means was the sole proximate cause of his injur[ies]" (*Harris v Hueber-Breuer*

*Constr. Co., Inc.*, 67 AD3d 1351, 1352-1353; *see Montgomery*, 4 NY3d 805; *cf. Willard v Thomas Simone & Son Bldrs., Inc.*, 45 AD3d 1276, 1277-1278).  We would therefore modify the order by denying plaintiff's motion.

Entered:  March 25, 2011                        Patricia L. Morgan
                                                Clerk of the Court