# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

557
CA 12-01901
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND VALENTINO, JJ.

KEITH J. CUSTER, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

JONATHAN JORDAN, ET AL., DEFENDANTS,
AND RANDY EWINGS, DEFENDANT-RESPONDENT.

FESSENDEN, LAUMER & DEANGELO, JAMESTOWN (MARY B. SCHILLER OF COUNSEL), FOR PLAINTIFF-APPELLANT.

WAGNER & HART, LLP, OLEAN (JANINE FODOR OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------

Appeal from a judgment and order of the Supreme Court, Cattaraugus County (Michael L. Nenno, A.J.), entered January 23, 2012. The judgment and order, insofar as appealed from, granted that part of the motion of defendant Randy Ewings for summary judgment dismissing the Labor Law § 240 (1) claim against him and denied plaintiff's cross motion for partial summary judgment.

It is hereby ORDERED that the judgment and order insofar as appealed from is unanimously reversed on the law without costs, that part of the motion of defendant Randy Ewings for summary judgment dismissing the Labor Law § 240 (1) claim is denied, that claim is reinstated, and plaintiff's cross motion for partial summary judgment on liability with respect to Labor Law § 240 (1) against defendant Randy Ewings is granted.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he allegedly sustained while he was installing siding on a single-family home. According to plaintiff, he fell from a stepladder placed on scaffolding provided to him by defendant Jonathan Jordan (Jordan). The property on which plaintiff was injured was the subject of a contract pursuant to which Randy Ewings (defendant) agreed to sell the property to Jordan. The contract required, inter alia, that Jordan adhere to a payment plan, notify defendant of any work that was contracted out with respect to the property, and provide defendant with a certificate of insurance before any work was commenced. The contract also provided that, upon receiving the purchase price from Jordan, defendant was to deliver to Jordan an abstract of title and a warranty deed in order to convey a fee simple title to Jordan, and that Jordan was required to pay for a survey prior to the execution of the contract. Although Jordan made his final payment on the property in the fall of 2008, defendant and

Jordan did not close on the sale of that property until after the accident, which occurred in November 2009.

Defendant moved for summary judgment dismissing the complaint against him, and plaintiff cross-moved for partial summary judgment on liability pursuant to Labor Law § 240 (1) against defendant. Supreme Court granted defendant's motion and denied plaintiff's cross motion. As limited by his brief, plaintiff contends that the court erred in granting that part of defendant's motion with respect to the section 240 (1) claim and in denying his cross motion with respect to that claim. We agree.

Addressing first defendant's motion, we agree with plaintiff that the court erred in granting that part of defendant's motion for summary judgment dismissing the Labor Law § 240 (1) claim against him on the ground that defendant was not an owner of the property for purposes of section 240 (1). Inasmuch as defendant retained title to the property at the time of the accident, and inasmuch as the requirements of the contract with respect to the survey and the delivery of the deed were unsatisfied at that time, we conclude that defendant was an "owner" of the property for the purposes of the Labor Law (*see* Real Property Law § 244; *Manhattan Life Ins. Co. v Continental Ins. Cos.*, 33 NY2d 370, 372; *see generally M&T Real Estate Trust v Doyle*, 20 NY3d 563, 567-568). We are mindful that, even under a liberal construction of section 240 (1), ownership of the premises where the accident occurred, standing alone, is insufficient to impose liability under section 240 (1) on an out-of-possession property owner who does not contract for the injury-producing work. Rather, a prerequisite to the imposition of liability upon such an owner is "some nexus between the owner and the worker, whether by a lease agreement or grant of an easement, or other property interest" (*Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 51; *see Morton v State of New York*, 15 NY3d 50, 56; *Scaparo v Village of Ilion*, 13 NY3d 864, 866). Under the circumstances of this case, however, we conclude that defendant's status as an out-of-possession property owner does not shield him from liability under section 240 (1) (*see Sanatass v Consolidated Inv. Co., Inc.*, 10 NY3d 333, 339-340; *Coleman v City of New York*, 91 NY2d 821, 822-823; *Gordon v Eastern Ry. Supply*, 82 NY2d 555, 560; *cf. Abbatiello*, 3 NY3d at 51-52; *see generally Nephew v Barcomb*, 260 AD2d 821, 822; *Marks v Morehouse*, 222 AD2d 785, 787).

We also agree with plaintiff that the court erred in granting that part of defendant's motion with respect to Labor Law § 240 (1) on the alternative ground that defendant qualifies for the homeowner exemption. "Owners and contractors are subject to strict liability pursuant to Labor Law § 240 (1) . . . 'except owners of one and two-family dwellings who contract for but do not direct or control the work.' 'The exception was enacted to protect those people who, lacking business sophistication, would not know or anticipate the need to obtain insurance to cover them against the absolute liability imposed by section 240 (1)' (*Lombardi v Stout*, 80 NY2d 290, 296; *see also, Van Amerogen v Donnini*, 78 NY2d 880, 882). '[T]he existence of both residential and commercial uses on a property does not automatically disqualify a dwelling owner from invoking the exemption.

Instead, whether the exemption is available to an owner in a particular case turns on the site and purpose of the work' (*Cannon v Putnam*, 76 NY2d 644, 650; *see also*, *Khela v Neiger*, 85 NY2d 333, 337)" (*Hook v Quattrociocchi*, 231 AD2d 882, 883). Here, inasmuch as defendant never lived in the home at issue and he derived a commercial benefit from the property by earning interest on Jordan's payments under the contract, we conclude that defendant is not entitled to the benefit of the homeowner exemption (*see Van Amerogen*, 78 NY2d at 882-883; *Greenman v Page*, 4 AD3d 752, 753-754; *Sweeney v Sanvidge*, 271 AD2d 733, 733-735, *lv denied* 95 NY2d 931; *Trala v Egloff*, 258 AD2d 924, 924-925).

We next address plaintiff's cross motion for partial summary judgment on liability pursuant to Labor Law § 240 (1), and we agree with plaintiff that the court erred in denying it. Here, plaintiff met his initial burden on the cross motion by establishing that he was engaged in a protected activity, that he " 'was not furnished with the requisite safety devices and that the absence of appropriate safety devices was a proximate cause of his injuries' " (*Kuhn v Camelot Assn., Inc.* [appeal No. 2], 82 AD3d 1704, 1705; *see Felker v Corning Inc.*, 90 NY2d 219, 224; *see generally Scally v Regional Indus. Partnership*, 9 AD3d 865, 867). Plaintiff's work of installing siding is protected under section 240 (1) as an "alteration" (*see Belding v Verizon N.Y., Inc.*, 14 NY3d 751, 752-753; *see also Fiorentine v Militello*, 275 AD2d 990, 990-991; *Paterson v Hennessy*, 206 AD2d 919, 919). Moreover, plaintiff submitted evidence establishing that he fell 12 feet to the ground and shattered one of his elbows after the scaffolding that supported the ladder on which he was working shifted and caused the ladder to "flip[ ]" (*see Kin v State of New York*, 101 AD3d 1606, 1607; *Kirbis v LPCiminelli, Inc.*, 90 AD3d 1581, 1582; *Evans v Syracuse Model Neighborhood Corp.*, 53 AD3d 1135, 1136).

In order to defeat the cross motion, defendant was required to "raise a triable issue of fact whether plaintiff's 'own conduct, rather than any violation of Labor Law § 240 (1), was the sole proximate cause of [the] accident' " (*Kuhn*, 82 AD3d at 1705, quoting *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40; *see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 n 8). Defendant was thus "required to present 'some evidence that the device furnished was adequate and properly placed and that [plaintiff's] conduct . . . may [have been] the sole proximate cause of his . . . injuries' " (*Kirbis*, 90 AD3d at 1582). Defendant failed to meet that burden. Defendant appears to contend that a factfinder could conclude that the accident was the result of plaintiff's conduct rather than the equipment that he used, inasmuch as he failed to tie off the ladder and scaffolding prior to his fall. We reject that contention. Plaintiff testified that he was forced to place the ladder on top of the scaffolding to perform his work, and the scaffolding Jordan provided to plaintiff subsequently proved inadequate to protect him from the elevation-related risk attendant upon that work. Moreover, although plaintiff was a carpenter experienced in the use of that type of scaffolding, defendant failed to submit any evidence that plaintiff knew or should have known to tie off the scaffolding and/or the ladder

(*see Kin*, 101 AD3d at 1608; *Kuhn*, 82 AD3d at 1705-1706). We therefore reverse the judgment and order insofar as appealed from, deny that part of defendant's motion for summary judgment seeking dismissal of the section 240 (1) claim, reinstate that claim, and grant plaintiff's cross motion for partial summary judgment on liability with respect to that claim.

Entered:  June 14, 2013                    Frances E. Cafarell
                                           Clerk of the Court