Gillett v City of New York (2018 NY Slip Op 07102)





Gillett v City of New York


2018 NY Slip Op 07102


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
BETSY BARROS, JJ.


2016-07290
 (Index No. 705442/14)

[*1]Ronald Gillett, appellant, 
v
City of New York, et al., respondents.


Block O'Toole & Murphy, LLP, New York, NY (Christina R. Mark of counsel), for appellant.
Cornell Grace, P.C., New York, NY (Keith D. Grace and Amy L. Schaefer of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered June 22, 2016. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) is denied.
The plaintiff, a journeyman carpenter, alleges that he was injured when he fell from a 12-foot A-frame ladder on which he was standing while he was installing sheetrock over a doorway in the basement of P.S.70 in Queens. The ladder was in the closed position. Before climbing the ladder, the plaintiff had leaned the ladder against the metal framing of a wall. The ladder slipped, causing the plaintiff to fall. The plaintiff commenced this action asserting, among others, a cause of action alleging a violation of Labor Law § 240(1). After discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals from so much of the order as directed dismissal of his Labor Law § 240(1) cause of action.
"A worker's decision to use an A-frame ladder in the closed position is not a per se reason to declare him the sole proximate cause of an accident" (Noor v City of New York, 130 AD3d 536, 540; see Rico-Castro v Do & Co. N.Y. Catering, Inc., 60 AD3d 749, 750). Here, the defendants failed to satisfy their prima facie burden of establishing that the plaintiff's actions were the sole proximate cause of his accident. Specifically, the defendants failed to eliminate all triable issues as to whether the ladder could have been placed in a manner that would have allowed the plaintiff to safely perform the work (see Saavedra v 89 Park Ave. LLC, 143 AD3d 615, 615; cf. Sztachanski v Morse Diesel Intl., Inc., 9 AD3d 457, 457-458), nor did the defendants establish that the plaintiff used the ladder in such a manner without the tacit approval of his supervisor (see Rico-Castro v Do & Co. N.Y. Catering, Inc., 60 AD3d at 750). Accordingly, the Supreme Court should not have granted that branch of the defendants' motion which was for summary judgment dismissing the [*2]cause of action alleging a violation of Labor Law § 240(1). That branch of the motion should have been denied without regard to the sufficiency of the plaintiff's opposition papers (see Chorzepa v Brzyska, 143 AD3d 935, 937).
BALKIN, J.P., SGROI, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court