DeGraff v Colontonio (2022 NY Slip Op 01074)





DeGraff v Colontonio


2022 NY Slip Op 01074


Decided on February 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 17, 2022

531885
[*1]Ritchie DeGraff, Appellant,
v
William Colontonio, Doing Business as Fine Woodworking by William, Respondent. (And a Third-Party Action.)

Calendar Date:January 14, 2022

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Mainetti & Mainetti, PC, Kingston (John T. Casey Jr., Troy, of counsel), for appellant.
Hannum Feretic Prendergast & Merlino, LLC, New York City (Jon Pisiewski of counsel), for respondent.



Clark, J.
Appeal from a judgment of the Supreme Court (Schreibman, J.), entered July 24, 2020 in Ulster County, upon a verdict rendered in favor of defendant.
In July 2016, plaintiff was hired by defendant to construct a one-story, single-family house for defendant and his spouse. Defendant rented a lull for the job — a four-wheeled machine with a hydraulic forked arm used to lift and transport materials, similar to a forklift. In August 2016, plaintiff was wrapping the house in Tyvek, an insulation material, and, in order to reach higher parts of the structure, he utilized the lull by stacking sheets of plywood on its fork to create a platform for himself and his materials. The unsecured plywood eventually upended under his weight, causing plaintiff to fall somewhere between 12 and 16 feet to the ground and sustain injuries. Plaintiff then commenced this action alleging several theories of recovery, including violations of Labor Law §§ 200 and 240 (1). Defendant and his spouse joined issue and set forth the affirmative defenses that defendant was a homeowner not subject to Labor Law liability and that plaintiff was the sole proximate cause of his own injuries.[FN1] A bifurcated jury trial on the issue of liability ensued, and, after the close of all proof, plaintiff moved for a directed verdict on his Labor Law § 240 (1) cause of action. That motion was denied. The jury ultimately determined that, although defendant directed and/or controlled plaintiff's work, rendering him susceptible to Labor Law § 240 (1) liability as a homeowner, plaintiff was the sole proximate cause of his own injuries. Supreme Court later denied plaintiff's motion for leave to reargue its prior motion and entered a judgment in defendant's favor. Plaintiff appeals.
We agree with plaintiff that his motion for a directed verdict should have been granted. A motion pursuant to CPLR 4401 for a judgment as a matter of law will be granted if, "upon viewing the evidence in the light most favorable to the nonmoving party and affording the nonmovant the benefit of every favorable inference, 'there is no rational process by which the fact trier could base a finding in favor of the nonmoving party'" (Galloway v State of New York, 194 AD3d 1151, 1152 [2021], quoting Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; see Holownia v Caruso, 183 AD3d 1035, 1036 [2020], lv denied 36 NY3d 902 [2020]).
"'Pursuant to Labor Law § 240 (1), contractors and owners are required to provide adequate safety devices'" — such as scaffolding or ladders — "'to afford proper protection against elevation-related hazards, and the failure to do so will result in liability for any injuries that are proximately caused by such failure'" (Dos Santos v State of New York, 169 AD3d 1328, 1329 [2019], quoting Fabiano v State of New York, 123 AD3d 1262, 1263 [2014], lv dismissed 25 NY3d 957 [2015]; see Zimmer v Chemung County Performing Arts, 65 NY2d 513, 521-522 [1985]).[FN2] "'Proper protection' requires that the device [*2]must be appropriately placed or erected so that it would have safeguarded the [worker], and that the furnished device itself [is] adequate to protect against the hazards entailed in the performance of the particular task to which the [worker] was assigned" (Conway v New York State Teachers' Retirement Sys., 141 AD2d 957, 958 [1988] [emphasis and citation omitted]; see Bland v Manocherian, 66 NY2d 452, 460 [1985]; Garhartt v Niagara Mohawk Power Corp., 192 AD2d 1027, 1028 [1993]), that is, "without the use of additional precautionary devices or measures" (Smith v Fayetteville-Manlius Cent. School Dist., 32 AD3d 1253, 1254 [2006]; see Felker v Corning Inc., 90 NY2d 219, 224 [1997]; Waggoner v Lancet Arch, 291 AD2d 831, 831 [2002]). Liability under Labor Law § 240 (1) is absolute, or strict, meaning that, "where an accident is caused by a violation of the statute, the plaintiff's own negligence does not furnish a defense" (Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39 [2004]; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290 [2003]; Luna v 4300 Crescent, LLC, 174 AD3d 881, 883 [2019]).
However, there can be no liability under the statute where the plaintiff's own actions are the sole proximate cause of his or her own injuries (see Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433 [2015]; Gallagher v New York Post, 14 NY3d 83, 88 [2010]; Robinson v East Med. Ctr., LP, 6 NY3d 550, 554 [2006]). A plaintiff is considered the sole proximate cause of his or her own injuries where it is shown that he or she "(1) 'had adequate safety devices available,' (2) 'knew both that' the safety devices 'were available and that [he or she was] expected to use them,' (3) 'chose for no good reason not to do so,' and (4) would not have been injured had [he or she] 'not made that choice'" (Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1167-1168 [2020], quoting Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d at 40; see Griffin v AVA Realty Ithaca, LLC, 150 AD3d 1462, 1465 [2017]).
Even when viewing the evidence in the light most favorable to defendant and according him every favorable inference, it is beyond dispute that the lull was not an adequate safety device for the elevated work being performed by plaintiff at the time of his fall (see Kuhn v Camelot Assn., Inc., 82 AD3d 1704, 1705 [2011]; Ward v Cedar Key Assoc., L.P., 13 AD3d 1098, 1098 [2004]; Kash v McCann Real Equities Devs., 279 AD2d 432, 432 [2001]; Boice v Jegarmont Realty Corp., 204 AD2d 674, 675 [1994]). This conclusion is not changed by defendant's provision of harnesses incompatible with the lull (see Gomez v Trinity Ctr. LLC, 195 AD3d 502, 503 [2021]; Smith v State of New York, 180 AD3d 1270, 1271 [2020]; Anderson v MSG Holdings, L.P., 146 AD3d 401, 402 [2017], lv dismissed 29 NY3d 1100 [2017]; Merante v IBM, 169 AD2d 710, 711 [1991]). Plaintiff's accident was plainly the direct result of the makeshift lull setup failing, and the parties are therefore [*3]in agreement that, unless plaintiff's choice not to use other available safety devices when installing the Tyvek was the sole proximate cause of his own injuries, plaintiff has established his Labor Law § 240 (1) claim.
Plaintiff indeed brought extension ladders and scaffolding with him to the job site, and it appears that defendant provided some ladders as well. That said, there is simply no trial evidence to suggest that plaintiff knew he was expected to use a ladder or scaffolding to wrap the front of the house with Tyvek. It is uncontroverted that use of the lull with a makeshift platform had become commonplace at the job site in the weeks preceding plaintiff's accident, that the scaffolding was set up at the rear of the house specifically because the lull could not traverse the terrain there and that defendant's only affirmative safety-related instructions to plaintiff regarding the subject elevated work were to either use a harness or construct a platform, both of which involved use of the lull. As proof of the foregoing element is lacking, there is no rational process by which a jury could conclude that plaintiff was the sole proximate cause of his own injuries (see Kuhn v Camelot Assn., Inc.,82 AD3d at 1705-1706; Gimeno v American Signature, Inc., 67 AD3d 1463, 1464-1465 [2009], lv dismissed 14 NY3d 785 [2010]; see also Herrero v 2146 Nostrand Ave. Assoc., LLC, 193 AD3d 421, 422 [2021]; Portillo v DRMBRE-85 Fee LLC, 191 AD3d 613, 614 [2021]; Garces v Windsor Plaza, LLC., 189 AD3d 539, 539 [2020]; Dos Santos v State of New York, 169 AD3d at 1330; Cuentas v Sephora USA, Inc., 102 AD3d 504, 505 [2013]; Pichardo v Aurora Contrs., Inc., 29 AD3d 879, 881 [2006]).[FN3] Plaintiff was therefore entitled to a directed verdict, and we accordingly reverse and grant his motion.
In light of our determination, plaintiff's remaining contentions, along with his Labor Law § 200 claim, are academic (see Miller v Rerob, LLC, 197 AD3d 979, 981 [2021]; Stigall v State of New York, 189 AD3d 469, 469-470 [2020]; Lagares v Carrier Term. Servs., Inc., 177 AD3d 1394, 1395 [2019]).[FN4]
Garry, P.J., Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is reversed, on the law, with costs, plaintiff's motion for directed verdict granted, and matter remitted to the Supreme Court for a trial on the issue of damages.



Footnotes

Footnote 1: Defendant's spouse was granted summary judgment dismissing the complaint against her.

Footnote 2: It is no longer in dispute that the homeowner exemption to Labor Law § 240 (1) liability is inapplicable here (see generally Cannon v Putnam, 76 NY2d 644, 649-650 [1990]).

Footnote 3: To the extent that the recalcitrant worker defense was also asserted, there is similarly a complete lack of evidence that plaintiff was directed to use either a ladder or scaffolding to perform the subject elevated work and refused to do so (see generally Gordon v Eastern Ry. Supply, 82 NY2d 555, 563 [1993]).

Footnote 4: Although plaintiff's arguments concerning Supreme Court's jury instructions are also academic, we agree that the court's failure to charge the jury with the elements of a Labor Law § 240 (1) violation was reversible error (see generally PJI 2:217). The court's decision to skip the principal substantive law of a Labor Law § 240 (1) claim and provide only the supplemental instructions on the homeowner exemption (see PJI 2:217.1) and the sole proximate cause defense (see PJI 2:217.2) resulted in the jury having next to no context for those legal principles, or this litigation as a whole.