■ DONALD C. GRAY, Respondent, v BALLING CONSTRUCTION COMPANY, INC., et al., Appellants. BALLING CONSTRUCTION, INC., Third-Party Plaintiff, v HANEY ERECTION SERVICES, INC., Third-Party Defendant-Appellant. [659 NYS2d 630] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying that part of the cross motions of defendants that sought summary judgment dismissing the common-law negligence and Labor Law § 200 (1) claims. Defendants established that the alleged defect or dangerous condition arose from the methods and procedures of plaintiff's employer and that they exercised no supervisory control over the method of plaintiff's work (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877; *McSweeney v Rochester Gas & Elec. Corp.,* 216 AD2d 878, 879, *lv denied* 86 NY2d 710; *Durfee v Eastman Kodak Co.,* 212 AD2d 971, *lv dismissed* 85 NY2d 968). Neither the mere presence of defendants' employees at the work site nor the general supervisory authority of defendants Balling Construction Company, Inc., and Balling Construction Management, Inc., contained in their contract with defendant Marine Midland Bank is sufficient to create liability under Labor Law § 200 (*see, Enderlin v Hebert Indus. Insulation,* 224 AD2d 1020; *Pazmino v Woodside Dev. Co.,* 212 AD2d 520, 521; *see also, Mamo v Rochester Gas & Elec. Corp.,* 209 AD2d 948, 949, *lv dismissed* 85 NY2d 924).

The court, however, properly denied those parts of the motion of third-party defendant and the cross motions of defen-

dants seeking dismissal of the Labor Law § 241 (6) claim. To establish a prima facie cause of action under that section, a plaintiff must allege that a defendant violated a provision of the Industrial Code "mandating compliance with concrete specifications" as opposed to "those that establish general safety standards by invoking the '[g]eneral descriptive terms' set forth and defined in 12 NYCRR 23-1.4 (a)" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505). Plaintiff alleges that defendants violated 12 NYCRR 23-1.28 (a), which provides in part that "[h]and-propelled vehicles having damaged handles or any loose parts shall not be used." Because that provision mandates compliance with a concrete specification rather than establishes a general safety standard using the general descriptive terms in 12 NYCRR 23-1.4 (a), it is specific enough to support a section 241 (6) claim (*see, Cafarella v Harrison Radiator Div.*, 237 AD2d 936; *Basile v ICF Kaiser Engrs. Corp.*, 227 AD2d 959). Furthermore, plaintiff's submissions are sufficient to raise a triable issue of fact whether there was a violation of that regulation and, if so, whether it was a proximate cause of the accident (*see, Gaul v Motorola, Inc.*, 216 AD2d 879, 880).

We therefore modify the order by granting in part defendants' cross motions for summary judgment and dismissing the common-law negligence and Labor Law § 200 claims and otherwise affirm. (Appeals from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Green, J. P., Lawton, Callahan, Doerr and Boehm, JJ.