JENNIFER FUSCO et al., Respondents, v NECIA HOBBES, Respondent, and JASON HOBBES et al., Appellants. [791 NYS2d 790]—

Appeal from a judgment of the Supreme Court, Erie County (Donna M. Siwek, J.), entered November 28, 2003. The judgment, upon a jury verdict, adjudged that plaintiff Jennifer Fusco and defendants were negligent and that the negligence of defendant Jason Hobbes was the sole proximate cause of the accident.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by

vacating those parts against defendants Jason Hobbes and Wayne Hobbes and as modified the judgment is affirmed without costs, and a new trial is granted on liability against those defendants in accordance with the following memorandum: Plaintiffs commenced this action seeking to recover damages for injuries sustained by Jennifer Fusco (plaintiff) when her vehicle collided first with a vehicle driven by defendant Necia Hobbes and then within seconds collided with a vehicle driven by defendant Jason Hobbes, Necia's brother. Defendant Wayne Hobbes, the father of Necia and Jason, owned the vehicles they were driving. Jason and Wayne appeal from a judgment entered following a bifurcated trial on liability. The jury found that, although plaintiff and defendants Necia and Jason were negligent, the sole proximate cause of the accident was the negligence of Jason. We reject at the outset the contention of Jason and Wayne that Supreme Court erred in denying that part of the motion of defendants for summary judgment dismissing the complaint against Jason and Wayne inasmuch as they failed to meet their initial burden of establishing their entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

We agree with Jason and Wayne, however, that the court erred in refusing to charge the emergency doctrine and that a new trial on liability therefore is required with respect to them. Viewing the evidence, as we must, in the light most favorable to the parties requesting the charge, we conclude that there is a reasonable view of the evidence that Jason was faced with an emergency (*see Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991], *rearg denied* 77 NY2d 990 [1991]). The emergency doctrine "recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (*id.*). Here, the jury could have reasonably found that Jason was "confronted by a sudden and unforeseen occurrence not of [his] own making," and the emergency doctrine therefore should have been charged (*id.*; *see Caristo v Sanzone*, 96 NY2d 172, 174-175 [2001]).

Jason and Wayne further contend that the court erred in precluding evidence of plaintiff's alcohol consumption. Prior to trial, the court granted plaintiffs' motion in limine seeking to preclude defendants from questioning plaintiff with respect to her consumption of alcoholic beverages hours before the ac-

cident. At trial, however, plaintiff testified on direct examination that she was the designated driver for her friend, who had been consuming alcoholic beverages. We agree with Jason and Wayne that by that testimony plaintiffs opened the door to cross-examination of plaintiff regarding her deposition testimony concerning her own alcohol consumption. Although evidentiary determinations lie within the sound discretion of the court, we conclude that the court should have permitted such cross-examination under the circumstances of this case (*see generally Feblot v New York Times Co.*, 32 NY2d 486, 497-498 [1973]). We therefore modify the judgment accordingly, and we grant a new trial on liability against Jason and Wayne in accordance with our decision herein. We caution with respect to motions in limine, however, that such motions should not be used, as here, as both a shield and a sword. Present—Green, J.P., Scudder, Martoche, Smith and Lawton, JJ.