■ CHRISTOPHER E. PETTEYS, Respondent, v CITY OF ROME et al., Defendants and Third-Party Plaintiffs. DELHI STEEL CORPORATION, Third-Party Defendant-Appellant. [804 NYS2d 879]—

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered July 27, 2004. The order, inter alia, granted plaintiff's motion for partial summary judgment on liability on the Labor Law § 240 (1) cause of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he was struck on the head by a piece of steel that fell from a clock tower. His employer, third-party defendant, Delhi Steel Corporation (Delhi), had been hired as a subcontractor on the project for the construction of the clock tower. We conclude that Supreme Court properly granted plaintiff's motion for partial summary judgment on liability on the Labor Law § 240 (1) cause of action. Contrary to Delhi's contention, plaintiff established that his coworker, who was removing pieces of steel that were temporarily welded to the structure, intended to prevent the pieces of steel from fall-

ing by using his hand and that the piece of steel that struck plaintiff fell when the coworker failed to catch it. Plaintiff also established that safety devices had been used in the past for that procedure. Thus, plaintiff established that the piece of steel fell while a coworker was attempting to secure it and that the fall occurred *"because of* the absence . . . of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *see Gampietro v Lehrer McGovern Bovis.*, 303 AD2d 996, 997 [2003]). This is precisely a situation "where a . . . securing device of the kind enumerated in the statute would have been necessary or even expected" (*Narducci*, 96 NY2d at 268; *see Tylutki v Tishman Tech.*, 7 AD3d 696 [2004]; *cf. Roberts v General Elec. Co.*, 97 NY2d 737, 738 [2002]; *Donnelly v City of Niagara Falls*, 5 AD3d 1103 [2004]). Present—Kehoe, J.P., Martoche, Pine, Lawton and Hayes, JJ.