# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1463**
**CA 14-00046**
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

R.L. FLOYD, CLAIMANT-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

NEW YORK STATE THRUWAY AUTHORITY,
DEFENDANT-APPELLANT.
(CLAIM NO. 105256.)

---

ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (J. MARK GRUBER OF
COUNSEL), FOR DEFENDANT-APPELLANT.

DOLCE PANEPINTO, P.C., BUFFALO (JONATHAN M. GORSKI OF COUNSEL), FOR
CLAIMANT-RESPONDENT.

---

Appeal from a judgment of the Court of Claims (Jeremiah J. Moriarty, III, J.), entered August 27, 2013. The interlocutory judgment determined that defendant is 100% liable for claimant's injuries.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an interlocutory judgment entered in favor of claimant after a trial on the issue of liability. Claimant, a painter working on a large-scale bridge painting project on the north Grand Island Bridge, was struck and injured by a falling rigging cable while preparing to return to his work area. Claimant subsequently commenced this action seeking damages for the violation of Labor Law § 240 (1) as well as common-law negligence, but the latter claim was previously dismissed and is not at issue herein.

Contrary to defendant's contention, the Court of Claims properly denied its motion seeking summary judgment dismissing the Labor Law § 240 (1) claim. Initially, we note that defendant may challenge the propriety of the order denying its motion for summary judgment on this appeal from the interlocutory judgment (*see e.g. Fusco v Hobbes*, 16 AD3d 1031, 1032; *see generally Burke v Crosson*, 85 NY2d 10, 15-16). Likewise, although defendant previously had cross-moved for summary judgment and "successive summary judgment motions generally are disfavored" (*Giardina v Lippes*, 77 AD3d 1290, 1291, *lv denied* 16 NY3d 702), we are not precluded from addressing defendant's present motion, particularly in view of the fact that it was made after further discovery (*see id.*).

We note with respect to the merits of defendant's motion that it is axiomatic that Labor Law § 240 (1) "applies to both 'falling worker' and 'falling object' cases" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267), and that section 240 (1) guards "workers against the 'special hazards' that arise when the work site either is itself elevated or is positioned below the level where 'materials or load [are] hoisted or secured' " (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501, quoting *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514; *see Micoli v City of Lockport*, 281 AD2d 881, 882).  To recover under section 240 (1), a worker injured by a falling object must thus establish both (1) that the object was being hoisted or secured, *or* that it " 'required securing for the purposes of the undertaking,' " and (2) that the object fell because of the absence or inadequacy of a safety device to guard against a risk involving the application of the force of gravity over a physically significant elevation differential (*Fabrizi v 1095 Ave. of the Ams., L.L.C.*, 22 NY3d 658, 663, quoting *Outar v City of New York*, 5 NY3d 731, 732; *see Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603-605).  Here, we conclude that defendant failed to meet its initial burden on the motion because the evidence it submitted in support thereof "failed to eliminate all triable issues of fact as to whether the object that struck [claimant] was an object that was 'being hoisted or secured' . . . , or required securing for the purposes of the undertaking pursuant to Labor Law § 240 (1)" (*Ginter v Flushing Terrace, LLC*, 121 AD3d 840, 843; *see Gonzalez v TJM Constr. Corp.*, 87 AD3d 610, 611).

We further conclude that the court properly granted claimant judgment on liability after conducting a trial.  Viewing the evidence in the light most favorable to sustain the judgment following this nonjury trial (*see Matter of City of Syracuse Indus. Dev. Agency [Alterm, Inc.]*, 20 AD3d 168, 170), we conclude that there is a fair interpretation of the evidence supporting the court's determination that defendant violated Labor Law § 240 (1) (*see Sung Kyu-To v Triangle Equities, LLC*, 84 AD3d 1058, 1060; *Costa v Piermont Plaza Realty, Inc.*, 10 AD3d 442, 444; *Bornschein v Shuman*, 7 AD3d 476, 478).  We have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court