Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered November 12, 2013. The order, among other things, granted those parts of the motions of defendants for summary judgment dismissing the complaint.
It is hereby ordered that the order so appealed from is modified on the law by denying those parts of the motions of defendants seeking dismissal of the Labor Law § 241 (6) claim insofar as that claim is based upon a violation of Industrial Code (12 NYCRR) § 23-9.5 (c) and reinstating the complaint to that extent, and as modified the order is affirmed without costs.
Memorandum: Defendant 1255 Portland Avenue LLC hired defendant-third-party plaintiff, Spoleta Construction LLC *1447 (Spoleta), as the general contractor to perform certain work in the construction of a medical office building, and Spoleta in turn hired plaintiffs employer, third-party defendant, HubLangie Paving, Inc., as a subcontractor. Plaintiff allegedly sustained injuries as a result of being hit by the bucket of an excavator at the construction site, and thereafter commenced this action, asserting claims for the violation of Labor Law §§ 200 and 241 (6), and a cause of action for common-law negligence. Defendants each moved for summary judgment seeking, inter alia, dismissal of the complaint against them, and plaintiff moved for partial summary judgment on the issue of defendants’ liability pursuant to section 241 (6) insofar as plaintiffs claim thereunder was based on defendants’ violation of 12 NYCRR 23-9.5 (c) and Spoleta’s violation of 12 NYCRR 23-4.2 (k). Supreme Court, inter alia, granted those parts of defendants’ motions seeking summary judgment dismissing the complaint against them.
As a preliminary matter, we reject plaintiffs contention that the court erred in dismissing the Labor Law § 241 (6) claim to the extent that it alleged the violation of 12 NYCRR 23-4.2 (k). That regulation “[is] not sufficiently specific to support a cause of action under Labor Law § 241 (6)” (Webber v City of Dunkirk, 226 AD2d 1050, 1051 [1996]).
We agree with plaintiff, however, that the court erred in granting those parts of defendants’ motions for summary judgment dismissing the Labor Law § 241 (6) claim insofar as that claim is based on 12 NYCRR 23-9.5 (c), and we therefore modify the order accordingly. That regulation provides, in relevant part, that “[e]xcavating machines shall be operated only by designated persons . . . [and] [n]o person [s] other than the pit-man and excavating crew shall be permitted to stand within range of the back of a power shovel or within range of the swing of the dipper bucket while the shovel is in operation.” Plaintiff contends that the regulation was violated because his supervisor was operating the excavator at the time of the accident despite the fact that plaintiff was the only designated operator. Plaintiff further contends the regulation was violated because he was not a member of the excavating crew at the time of the accident, and thus should not have been permitted to stand within range of the excavation bucket, which struck him. Contrary to plaintiffs contention, we conclude that his supervisor was a “designated person! ]” authorized to operate the subject excavator inasmuch as he was the superintendent for plaintiffs employer, he had his own key to the excavator, and he possessed supervisory authority over both plaintiff and *1448 the entire work site (see 12 NYCRR 23-1.4 [b] [17]). Nevertheless, we further conclude that, although plaintiff and his supervisor were performing excavation work at the time of the incident, plaintiff was not part of any “excavation crew.” In support of that conclusion, we note that the interpretation of a regulation presents a question of law for a court to resolve (see Morris v Pavarini Constr., 9 NY3d 47, 51 [2007]) and, in our view, the word “crew” necessarily denotes more than one worker. Here, it is undisputed that plaintiff expected to perform the subject excavation work alone, with no expectation that his supervisor would be joining him and no awareness that his supervisor had, in fact, arrived and started operating the excavator. Specifically, plaintiffs supervisor conceded that plaintiff did not see him get into the excavator as plaintiff was looking down operating a jackhammer with earplugs in. Because plaintiff was not part of any “crew” at the time of the accident, the regulation was violated when plaintiff was permitted to stand within range of the bucket when the excavating machine was in use (cf. Benevento v City of Buffalo, 74 AD3d 1738, 1739 [2010]; Mingle v Barone Dev. Corp. [appeal No. 2], 283 AD2d 1028, 1029).
Despite our conclusion that defendants violated 12 NYCRR 23-9.5 (c), we reject plaintiffs contention that he is entitled to partial summary judgment on the issue of defendants’ liability with respect to the Labor Law § 241 (6) claim. A violation of an Industrial Code provision “does not establish negligence as a matter of law but is merely some evidence to be considered on the question of a defendant’s negligence” (Puckett v County of Erie, 262 AD2d 964, 965 [1999] [internal quotation marks omitted]; see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 349 [1998]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 502 n 4 [1993]).
All concur except Peradotto and Carni, JJ., who dissent in part and vote to affirm in the following memorandum: