■ DAVID FLOWERS, Respondent, v HARBORCENTER DEVELOPMENT, LLC, et al., Appellants. [65 NYS3d 392]—

Appeal from an order of the Supreme Court, Erie County (Henry J. Nowak, Jr., J.), entered January 12, 2017. The order, inter alia, granted the motion of plaintiff for partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim and denied those parts of the cross motion of defendants for summary judgment with respect to the section 240 (1) claim and the section 241 (6) claim insofar as the latter is based on violations of 12 NYCRR 23-6.1 (d) and 23-8.1 (f) (6).

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting that part of the cross motion with respect to the Labor Law § 241 (6) claim insofar as it is based on an alleged violation of 12 NYCRR 23-6.1 (d) and dismissing the claim to that extent, and as modified the order is affirmed without costs.

Memorandum: In this Labor Law action, plaintiff moved for partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim, and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court granted plaintiff's motion and granted defendants' cross motion in part, denying those parts of the cross motion with respect to the section 240 (1) claim and the section 241 (6) claim insofar as the latter is based on the violation of Industrial Code (12 NYCRR) sections 23-6.1 (d) and 23-8.1 (f) (6). As a preliminary matter, we note that plaintiff moved to dismiss this appeal as moot, and we denied the motion with leave to renew it at oral argument of the appeal. To the extent that plaintiff did in fact renew the motion at oral argument, we deny it unconditionally and address the substantive legal issues presented by the appeal. We conclude that the court erred in denying that part of the cross motion concerning 12 NYCRR 23-6.1 (d), and we therefore modify the order accordingly.

Plaintiff was injured while attempting to move a bundle of steel rebar to another location on the subject construction site. According to plaintiff, the rebar had to be moved by stacking it

and then tying around the resulting bundle a nylon strap, which is also known as a "choker." The choker is then attached to a steel hook, which is in turn attached to a main crane hook. The bundle is then raised by a crane and is guided by a worker on the ground who communicates with the crane operator via a two-way radio. At the time of the accident, plaintiff and his foreman had already rigged chokers around the rebar, and plaintiff was using the radio to communicate with the tower crane operator and to direct the rebar's placement. While the load was in the air, it fell and struck plaintiff's head.

It is well established that the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form to demonstrate the absence of any material issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Here, the three witness statements submitted by plaintiff were unsworn and therefore not in admissible form, and the court should not have considered them in determining whether plaintiff met his initial burden of proof (*see Grasso v Angerami*, 79 NY2d 813, 814-815 [1991]; *Guanopatin v Flushing Acquisition Holdings, LLC*, 127 AD3d 812, 812-813 [2d Dept 2015]).

We nonetheless conclude, contrary to defendants' contention, that the court properly granted plaintiff's motion with respect to Labor Law § 240 (1). To recover under section 240 (1) for injuries sustained in a falling object case, a plaintiff must establish "both (1) that the object was being hoisted or secured, or that it required securing for the purposes of the undertaking, and (2) that the object fell because of the absence or inadequacy of a safety device to guard against a risk involving the application of the force of gravity over a physically significant elevation differential" (*Floyd v New York State Thruway Auth.*, 125 AD3d 1456, 1457 [4th Dept 2015] [internal quotation marks omitted]; *see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267-268 [2001]). Here, we conclude that plaintiff established those factors and therefore met his burden on his motion. We note, in particular, that the deposition testimony and two witness affidavits tendered by plaintiff established "that any safety devices in fact used[, i.e., the chokers] 'failed in [their] core objective of preventing the [rebar] from falling,' " and that such failure was a proximate cause of the accident (*Jock v Landmark Healthcare Facilities, LLC*, 62 AD3d 1070, 1073 [3d Dept 2009]; *see Brown v VJB Constr. Corp.*, 50 AD3d 373, 377 [1st Dept 2008]). In opposition, defendants failed to raise a material issue of fact inasmuch as the opinions of their

expert were conclusory (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Ciccarelli v Cotira, Inc.*, 24 AD3d 1276, 1277 [4th Dept 2005]).

Contrary to defendants' further contention, plaintiff's actions were not the sole proximate cause of his injuries. "[W]here a plaintiff's own actions are the sole proximate cause of the accident, there can be no liability" (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]). To establish their "sole proximate cause" theory, defendants were required to present "some evidence that the device furnished was adequate and properly placed and that the conduct of the plaintiff [was] the sole proximate cause of his . . . injuries" (*Ball v Cascade Tissue Group-N.Y., Inc.*, 36 AD3d 1187, 1188 [3d Dept 2007]). Here, the record establishes that plaintiff was not alone in rigging the rebar bundle and transporting it to a different area of the construction site, and thus plaintiff's conduct could not be the sole proximate cause of his injuries. We therefore conclude that plaintiff's action in participating in the rigging process raises, at most, an issue concerning his comparative negligence, which is not an available defense under Labor Law § 240 (1) (*see Signs v Crawford*, 109 AD3d 1169, 1170 [4th Dept 2013]).

We further conclude that the court properly denied that part of defendants' cross motion with respect to the Labor Law § 241 (6) claim insofar as it is based on the alleged violation of 12 NYCRR 23-8.1 (f) (6). That regulation provides that "[m]obile cranes, tower cranes and derricks shall not hoist or carry any load over and above any person except as otherwise provided in this Part" (*id.*). In our view, there are triable issues of fact whether that regulation was violated, i.e., whether the rebar was above plaintiff while it was being moved by the tower crane and, if so, whether such placement was a proximate cause of the accident (*see generally Gray v Balling Constr. Co.*, 239 AD2d 913, 914 [4th Dept 1997]).

We agree with defendants, however, that the court erred in denying that part of their cross motion with respect to the alleged violation of 12 NYCRR 23-6.1 (d). That regulation "cannot serve as the basis for Labor Law § 241 (6) liability because the [tower] crane used by . . . plaintiff is specifically exempt from the mandate" of the regulation (*Locicero v Princeton Restoration, Inc.*, 25 AD3d 664, 666 [2d Dept 2006]; *see* 12 NYCRR 23-6.1 [a]). Present—Smith, J.P., Peradotto, Lindley, DeJoseph and Winslow, JJ.