Malvestuto v Town of Lancaster (2022 NY Slip Op 00577)





Malvestuto v Town of Lancaster


2022 NY Slip Op 00577


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND BANNISTER, JJ.


1025 CA 20-01585

[*1]ROBERT MALVESTUTO, JR., AND KAREN MALVESTUTO, PLAINTIFFS-RESPONDENTS-APPELLANTS,
v
TOWN OF LANCASTER, DEFENDANT-APPELLANT-RESPONDENT. 






LAW OFFICES OF JOHN WALLACE, BUFFALO (NANCY A. LONG OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT. 
DOLCE FIRM, BUFFALO (JONATHAN M. GORSKI OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS-APPELLANTS. 


 Appeal and cross appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered November 24, 2020. The order, among other things, granted in part plaintiffs' motion for summary judgment and granted in part defendant's cross motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying those parts of plaintiffs' motion for summary judgment on the issue of liability on the second and third causes of action and on the issue of comparative negligence, denying that part of defendant's cross motion for summary judgment dismissing the first cause of action and reinstating that cause of action, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Robert Malvestuto, Jr. (plaintiff) while he was working in a trench at a construction site on land owned by defendant. As he was performing his work, plaintiff was struck in the leg by the bucket of an excavator situated on the edge of the trench above him. Plaintiffs moved for summary judgment on, inter alia, the issue of liability on the Labor Law §§ 240 (1) and 241 (6) causes of action, i.e., the second and third causes of action, and on the issue of plaintiff's alleged comparative negligence. Defendant cross-moved for summary judgment dismissing the complaint. Supreme Court granted plaintiffs' motion with respect to liability on the Labor Law § 240 (1) cause of action and the section 241 (6) cause of action insofar as it was based on alleged violations of 12 NYCRR 23-9.4 (c) and 23-9.5 (a). The court also granted plaintiffs' motion with respect to the issue of plaintiff's lack of comparative negligence. The court granted defendant's cross motion with respect to the Labor Law § 200 cause of action, i.e., the first cause of action, and the Labor Law
§ 241 (6) cause of action insofar as it was based on other alleged regulatory violations. Defendant appeals, and plaintiffs cross-appeal.
We agree with defendant on its appeal that the court erred in granting plaintiffs' motion with respect to liability under Labor Law § 240 (1), and we therefore modify the order accordingly. Plaintiffs' own submissions created a triable issue of fact concerning the manner in which the accident occurred (see generally Militello v Landsman Dev. Corp., 133 AD3d 1378, 1379 [4th Dept 2015]), specifically whether plaintiff was injured due to a risk contemplated by the statute or, alternatively, by " 'the usual and ordinary dangers of a construction site' " (Toefer v Long Is. R.R., 4 NY3d 399, 407 [2005]; see Mohamed v City of Watervliet, 106 AD3d 1244, 1245-1246 [3d Dept 2013]). However, we reject defendant's contention that the court erred in denying its cross motion with respect to the Labor Law § 240 (1) cause of action inasmuch as defendant's submissions raised the same triable issue of fact (see generally Sims v City of Rochester, 115 AD3d 1355, 1355-1356 [4th Dept 2014]).
We agree with defendant on its appeal that the court erred in granting plaintiffs' motion with respect to liability on the Labor Law § 241 (6) cause of action insofar as it is premised upon alleged violations of 12 NYCRR 23-9.4 (c) and 23-9.5 (a). The issue of fact concerning the manner in which the accident occurred precludes a determination as a matter of law whether either of those regulations were violated (see Smith v Torre, 247 AD2d 896, 897 [4th Dept 1998]; see also Shaw v Scepter, Inc., 187 AD3d 1662, 1665 [4th Dept 2020]). For the same reason, we reject defendant's contention that the court erred in denying its cross motion with respect to the section 241 (6) cause of action insofar as it is premised upon violations of those regulations, but we agree with defendant that the court erred in determining that plaintiff was free from comparative negligence (see generally Baum v Javen Constr. Co., Inc., 195 AD3d 1378, 1380 [4th Dept 2021]). We therefore further modify the order by denying plaintiffs' motion with respect to the issues of liability on the section 241 (6) cause of action and plaintiff's comparative negligence.
Contrary to plaintiffs' contention on their cross appeal, the court properly denied their motion and granted defendant's cross motion with respect to the Labor Law § 241 (6) cause of action insofar as it was based upon the alleged violation of 12 NYCRR 23-4.2 (k). That regulation " '[is] not sufficiently specific to support a cause of action under Labor Law § 241 (6)' " (Vanderwall v 1255 Portland Ave. LLC, 128 AD3d 1446, 1447 [4th Dept 2015]).
Lastly, we agree with plaintiffs on their cross appeal that the court erred in granting defendant's cross motion with respect to the Labor Law § 200 cause of action, and we therefore further modify the order accordingly. There is a triable issue of fact whether plaintiff's injuries stemmed "from a dangerous condition on the premises" and whether defendant had "control over the work site and actual or constructive notice of the dangerous condition" (Ozimek v
Holiday Val., Inc., 83 AD3d 1414, 1416 [4th Dept 2011]).
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court