Vicki v City of Niagara Falls (2023 NY Slip Op 02260)

Vicki v City of Niagara Falls

2023 NY Slip Op 02260

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

946 CA 21-01435

[*1]STEPHEN D. VICKI AND NICOLE M. VICKI, PLAINTIFFS-RESPONDENTS,
v
CITY OF NIAGARA FALLS, ET AL., DEFENDANTS, NIAGARA FALLS WATER BOARD, AND NIAGARA MOHAWK POWER CORPORATION, DOING BUSINESS AS NATIONAL GRID, DEFENDANTS-APPELLANTS, 

BURDEN, HAFNER & HANSEN, LLC, BUFFALO (PHYLISS A. HAFNER OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered September 21, 2021. The order, among other things, denied in part the motion of defendants Niagara Falls Water Board, Niagara Falls Public Water Authority and Niagara Mohawk Power Corporation, doing business as National Grid, for summary judgment dismissing plaintiffs' amended complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion of defendants Niagara Falls Water Board, Niagara Falls Public Water Authority and Niagara Mohawk Power Corporation, doing business as National Grid, seeking summary judgment dismissing the Labor Law § 241 (6) claim against defendant Niagara Mohawk Power Corporation, doing business as National Grid, insofar as that claim is based on the alleged violation of 12 NYCRR 23-4.2 (k) and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries Stephen D. Vicki (plaintiff) sustained while working on a sewer replacement project pursuant to a contract executed between defendant Niagara Falls Water Board (Board) and plaintiff's employer. At the time of the accident, plaintiff was using an excavator to disassemble a manhole shield. Before plaintiff began to remove the first side panel of the shield, his supervisor removed securing pins from both sides of several spreader bars, contrary to normal procedure. As plaintiff began to separate the first side panel, one of the unsecured spreader bars fell into the cab of the excavator, seriously injuring plaintiff.
The Board and defendants Niagara Falls Public Water Authority (Authority) and Niagara Mohawk Power Corporation, doing business as National Grid (NiMo) (collectively, moving defendants), moved for summary judgment dismissing the amended complaint against them. Plaintiffs moved for partial summary judgment on the issue of liability under Labor Law § 240 (1) against only the Board and the Authority. Supreme Court, inter alia, granted the moving defendants' motion insofar as it sought summary judgment dismissing the amended complaint against the Authority. In addition, the court granted the moving defendants' motion to the extent that it sought summary judgment dismissing the Labor Law § 200 and common-law negligence claims against the Board and NiMo (collectively, defendants), and the Labor Law § 241 (6) claim against defendants except insofar as that claim was predicated on violations of 12 NYCRR 23-4.2 (k) and 23-9.4 (e) (1) and (2). Finally, the court denied the moving defendants' motion insofar as it sought summary judgment dismissing the Labor Law § 240 (1) claim against [*2]defendants, and granted plaintiffs' motion with respect to the Board's liability under that section. Defendants now appeal.
Contrary to defendants' contention, the court properly granted plaintiffs' motion insofar as it sought partial summary judgment on the issue of the Board's liability under Labor Law § 240 (1). Initially, plaintiffs established as a matter of law that the Board was an "owner" for purposes of Labor Law § 240 (1) (see generally Scaparo v Village of Ilion, 13 NY3d 864, 866 [2009]; Berner v Town of Cheektowaga, 151 AD3d 1636, 1637 [4th Dept 2017]). Although defendants contend that plaintiffs could not meet their initial burden on their motion in that respect by relying on the contract between the Board and plaintiff's employer, identifying the Board as "owner," we reject that contention (see Winkler v Halmar Intl., LLC, 199 AD3d 598, 598 [1st Dept 2021]; Larosae v American Pumping, Inc., 73 AD3d 1270, 1272 [3d Dept 2010]).
Plaintiffs also established that the Board violated Labor Law § 240 (1) and that such violation was a proximate cause of plaintiff's injuries (see generally Zimmer v Chemung County Performing Arts, 65 NY2d 513, 524 [1985], rearg denied 65 NY2d 1054 [1985]). Generally, a plaintiff seeking to recover under section 240 (1) for injuries sustained in a falling object case must establish "both (1) that the object was being hoisted or secured, or that it required securing for the purposes of the undertaking, and (2) that the object fell because of the absence or inadequacy of a safety device to guard against a risk involving the application of the force of gravity over a physically significant elevation differential" (Floyd v New York State Thruway Auth., 125 AD3d 1456, 1457 [4th Dept 2015] [internal quotation marks omitted]).
Contrary to defendants' contention, this case involved an elevation risk with respect to the spreader bars, which were elevated above the ground at the time of the accident and "required securing for the purposes of the undertaking" (Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 663 [2014] [internal quotation marks omitted]; see generally Rocovich v Consolidated Edison Co., 78 NY2d 509, 514 [1991]). Plaintiffs established as a matter of law that the harm in this case "flow[ed] directly from the application of the force of gravity to the object" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 604 [2009]). Also contrary to defendants' contention, this is not a case involving the deliberate dropping of an object. Plaintiffs established as a matter of law that the spreader bar fell at a time when neither plaintiff nor his supervisor wanted it to fall (see Petteys v City of Rome, 23 AD3d 1123, 1123-1124 [4th Dept 2005]; cf. Roberts v General Elec. Co., 97 NY2d 737, 738 [2002]). Moreover, plaintiffs established that the Board failed to ensure that plaintiff knew both that safety devices "were available and that he was expected to use them" (Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 40 [2004] [emphasis added]; see Kuhn v Camelot Assn., Inc. [appeal No. 2], 82 AD3d 1704, 1705-1706 [4th Dept 2011]).
In opposition to plaintiffs' motion, the moving defendants failed to raise any triable issues of fact with respect to the Board's liability (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Contrary to defendants' contention, plaintiff's actions were not the sole proximate cause of the accident. "[P]laintiff was not alone in [disassembling the manhole shield], and thus [his] conduct could not be the sole proximate cause of his injuries" (Flowers v Harborcenter Dev., LLC, 155 AD3d 1633, 1635 [4th Dept 2017]). Even if plaintiff's supervisor did not specifically instruct plaintiff on the manner of disassembling the manhole shield, the supervisor's participation in the process and his presence at the scene establish that plaintiff was "acting with the tacit approval of his supervisor" (Rico-Castro v Do & Co N.Y. Catering, Inc., 60 AD3d 749, 750 [2d Dept 2009]; see Kuhn, 82 AD3d at 1705-1706). We thus conclude that plaintiff's conduct during the disassembly process "raises, at most, an issue concerning his comparative negligence, which is not an available defense under Labor Law § 240 (1)" (Flowers, 155 AD3d at 1635; see Fronce v Port Byron Tel. Co., Inc., 134 AD3d 1405, 1407 [4th Dept 2015]).
For the same reasons, we conclude that the moving defendants failed to meet their initial burden on their motion with respect to the Labor Law § 240 (1) claim against defendants (see generally Zuckerman, 49 NY2d at 562).
In light of our determination that plaintiffs are entitled to partial summary judgment on [*3]the issue of the Board's liability under Labor Law § 240 (1), we conclude that defendants' contentions regarding plaintiffs' Labor Law § 241 (6) claim are academic insofar as they concern the Board (see Miller v Rerob, LLC, 197 AD3d 979, 981 [4th Dept 2021]; Lagares v Carrier Term. Servs., Inc., 177 AD3d 1394, 1395 [4th Dept 2019]). We agree with defendants, however, that the court erred in denying the moving defendants' motion with respect to the Labor Law § 241 (6) claim against NiMo insofar as it was based on the alleged violation of 12 NYCRR 23-4.2 (k). We have repeatedly held that 12 NYCRR 23-4.2 (k) is not sufficiently specific to support a Labor Law § 241 (6) claim (see Malvestuto v Town of Lancaster, 201 AD3d 1339, 1341 [4th Dept 2022]; Vanderwall v 1255 Portland Ave. LLC, 128 AD3d 1446, 1447 [4th Dept 2015]; Buhr v Concord Sq. Homes Assoc., Inc., 126 AD3d 1533, 1534 [4th Dept 2015]). Inasmuch as the First and Third Departments have held similarly (see Willis v Plaza Constr. Corp., 151 AD3d 568, 568 [1st Dept 2017]; Kropp v Town of Shandaken, 91 AD3d 1087, 1091 [3d Dept 2012]), we decline to adopt contrary precedent in the Second Department (see Zaino v Rogers, 153 AD3d 763, 765 [2d Dept 2017]; Cunha v Crossroads II, 131 AD3d 440, 441 [2d Dept 2015]; Ferreira v City of New York, 85 AD3d 1103, 1105 [2d Dept 2011]). We therefore modify the order accordingly.
We reach a different conclusion with respect to the Labor Law § 241 (6) claim against NiMo insofar as it is based on the alleged violation of 12 NYCRR 23-9.4 (e) (1) and (2). Defendants do not dispute that those regulations are sufficiently specific to support a section 241 (6) claim (see St. Louis v Town of N. Elba, 16 NY3d 411, 414-416 [2011]; Brechue v Town of Wheatfield, 241 AD2d 935, 936 [4th Dept 1997], lv denied 94 NY2d 759 [2000]), and we conclude that the moving defendants failed to establish as a matter of law that NiMo did not violate those regulations or that any alleged violation was not a proximate cause of plaintiff's injuries (see Baker v City of Buffalo, 90 AD3d 1684, 1685-1686 [4th Dept 2011]).
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court