Newvine v Barzee (2025 NY Slip Op 04409)

Newvine v Barzee

2025 NY Slip Op 04409

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, OGDEN, DELCONTE, AND KEANE, JJ.

567 CA 24-01389

[*1]MITCHELL J. NEWVINE, PLAINTIFF-APPELLANT,
v
JEFFREY J. BARZEE, DEFENDANT-RESPONDENT. 

WEGERSKI LAW FIRM, NEW YORK CITY (JOHN P. WEGERSKI, III, OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
LAW OFFICE OF KEITH D. MILLER, LIVERPOOL (KEITH D. MILLER OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Onondaga County (Danielle M. Fogel, J.), entered February 1, 2024 in a personal injury action arising from a collision between a motor vehicle and a bicycle. The judgment dismissed the complaint upon a jury verdict. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from a judgment dismissing the complaint upon a jury verdict finding that defendant was not negligent with regard to a collision between defendant's vehicle and plaintiff's bicycle, plaintiff contends that Supreme Court erred in instructing the jury regarding the emergency doctrine (see PJI 2:14). We reject that contention. The evidence established that plaintiff, an intoxicated bicyclist, veered into defendant's lane of travel and then inexplicably swerved into the side of defendant's vehicle when defendant attempted to turn into a parking lot to avoid colliding with plaintiff. Evaluating the evidence in the light most favorable to defendant, we conclude that there is a reasonable view of the evidence supporting the conclusion that defendant was confronted by a qualifying emergency (see generally Stefanski v Huntress, 224 AD3d 1362, 1363-1364 [4th Dept 2024]; Selig v Diez, 180 AD3d 832, 833-834 [2d Dept 2020]; Kenney v County of Nassau, 93 AD3d 694, 695-696 [2d Dept 2012]; Goff v Goudreau, 222 AD2d 650, 650 [2d Dept 1995]), and we therefore agree with defendant that the court properly gave the charge (see Barnes v Dellapenta, 111 AD3d 1287, 1288 [4th Dept 2013]; cf. Fusco v Hobbes, 16 AD3d 1031, 1032 [4th Dept 2005]).
We likewise reject plaintiff's contention that the jury verdict is against the weight of the evidence. "[A] verdict rendered in favor of a defendant may be successfully challenged as against the weight of the evidence only when the evidence so preponderated in favor of the plaintiff that it could not have been reached on any fair interpretation of the evidence" (McMillian v Burden, 136 AD3d 1342, 1343 [4th Dept 2016] [internal quotation marks omitted]). Affording "great deference . . . to the jury given its opportunity to see and hear the witnesses" (Kendrick v Rochester Gen. Hosp., 228 AD3d 1281, 1283 [4th Dept 2024] [internal quotation marks omitted]), we conclude that the court properly denied plaintiff's posttrial motion to set aside the verdict as against the weight of the evidence.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court